UNITED STATES DISTRICT COURT
IN AND FOR THE SOUTHERN DISTRICT OF FLORIDA

WILL TWIGG                                          CASE NO.:

    Plaintiff,

v.

PALM BEACH COUNTY SHERRIFF'S OFFICE

    Defendant.

_____/

**COMPLAINT**

Plaintiff, WILL TWIGG, by and through the undersigned counsel, hereby sues Defendant, PALM BEACH COUNTY SHERRIFF'S OFFICE, and in support thereof, states as follows:

**Introduction**

1. Plaintiff, WILL TWIGG was formerly employed as a Corrections Deputy Sheriff with Defendant, PALM BEACH COUNTY SHERRIFF'S OFFICE.

2. Plaintiff was also an active member of the United States Army Reserve.

3. Plaintiff took military leave, followed by medical leave due to his service-related physical and mental health injuries.

4. Plaintiff attempted to return to his employment with Defendant and simultaneously requested a disability accommodation.

5. Defendant failed to let Plaintiff return to work in any capacity and instead terminated his employment.

## Parties

6. Plaintiff, WILL TWIGG, is an individual residing in the State of Florida.

7. Defendant, PALM BEACH COUNTY SHERRIFF'S OFFICE, is a Constitutional County Officer pursuant to the Fla. Const. of 1968, Art VIII, § 1(d).

## Jurisdiction and Venue

8. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331.

9. This Court has jurisdiction over Defendant as Defendant is domiciled in Florida.

10. Venue is proper in this Court as the cause of action accrued in Palm Beach County, Florida which is located in the Southern District of Florida.

## Factual Allegations

11. Defendant, The Palm Beach Sheriff's Office (PBSO), is an employer, and is the law enforcement agency for Palm Beach County, Florida.

12. Plaintiff, Will Twigg, was employed by PBSO since 2004, with his final role being a Corrections Deputy Sheriff at the level Career Deputy I.

13. Mr. Twigg is also a member of the Army Reserve and had been out on leave from PBSO on military orders since 2014.

14. Prior to his scheduled return to work at PBSO in September 2021, Mr. Twigg requested FMLA leave, and advised his supervisor that he was exploring reclassifying from his Deputy Sheriff position to a civilian position due to his military-related disabilities.

15. In September 2021, Mr. Twigg advised his supervisor and human resources via email that he was requesting an accommodation for his military-related disabilities, such as transfer from his Deputy Sheriff position to an administrative position.

16. On September 22, 2021 and again on September 27, 2021, Mr. Twigg's medical provider faxed a completed FMLA Certification of Health Care Provider describing his Post Traumatic Stress Disorder (PTSD) related disability and clearing him to return to work with no restrictions.

17. PBSO informed Mr. Twigg that he arbitrarily had 10 days to provide medical documentation of his disabilities, or he would be terminated, and thereafter that the FMLA Certification was allegedly "insufficient."

18. On September 29, 2021, Mr. Twigg provided a Progress Note from his medical provider further outlining his PTSD-related disability.

19. Mr. Twigg also informed PBSO that he had an appointment with his primary care physician on October 4, 2021, to obtain further documentation regarding his physical disabilities in addition to his psychological disability.

20. On October 5, 2021, Mr. Twigg advised PBSO that he had been referred to a specialist for the necessary medical documentation for his physical disabilities, and instead provided his army physical limitations profile outlining his physical disabilities, and a progress note from his mental health provider regarding his psychological disability in order to meet the arbitrary deadline.

21. On October 5, 2021, instead of attempting to understand his disability or attempting to accommodate him, PBSO recommended Mr. Twigg for termination because they were confused by the documentation.

22. PBSO did not contact any of Mr. Twigg's providers, nor Mr. Twigg himself, to clarify any questions they had, nor assist him in identifying any open positions that he could apply for.

23. On October 12, 2021, Mr. Twigg sent a letter directed to the persons presiding over his Pre-Termination Hearing advising that he had requested a disability accommodation, that he was given an arbitrary and unreasonable ten-day deadline to provide medical documentation, that he had already provided sufficient medical documentation, and that he diligently tried but was unable to meet the deadline for additional documentation.

24. In his letter, Mr. Twigg again requested that PBSO reinstate him to his classification or reclassify him in order to comply with the applicable laws.

25. On October 12, 2021, Mr. Twigg also sent an email informing PBSO that he had been recalled to a one-year tour of military service, and requesting a stay of the matter while he was on orders.

26. On October 13, 2021, PBSO terminated Mr. Twigg's employment.

27. PBSO's termination of Mr. Twigg was done for the purpose of avoiding accommodating his disabilities, and to avoid accommodating his military and medical leave in violation of the Americans with Disabilities Act, the Florida Civil Rights Act, the Family and Medical Leave Act, and the Uniformed Services Employment and Reemployment Rights Act.

28. As a result of these violations, Mr. Twigg was therefore required to retain the undersigned counsel to represent him in this action and seek the damages he is entitled to.

29. All conditions precedent have been met prior to the filing of this action.

### COUNT I – DISABILITY DISCRIMINATION
### IN VIOLATION OF 42 U.S.C. §§ 12112 ET SEQ.

30. Plaintiff re-alleges paragraph 1 through 29 as though fully set forth herein.

31. Mr. Twigg was an employee of PBSO, an employer with over 100 employees.

32. PBSO was aware of Mr. Twigg's military service-related disabilities such as his diagnosis of PTSD for various reasons throughout his long tenure with PBSO, including Mr. Twigg's self-reporting of his disabilities.

33. Mr. Twigg requested an accommodation from PBSO for his service-related disabilities.

34. Rather than attempt to accommodate Mr. Twigg, he was provided an arbitrary deadline to provide unnecessary documentation.

35. Mr. Twigg was subsequently terminated because of the perception of his disabilities and because PBSO did not want to accommodate his disabilities in violation of 42 U.S.C. § § 12112 et seq.

36. As a result of such violations, Mr. Twigg has suffered damages of lost pay, and emotional anguish.

**WHEREFORE**, Plaintiff respectfully requests that this Court find Defendant in violation of the Americans with Disabilities Act, and grant Plaintiff all damages, attorney's fees and costs, and any other relief deemed just.

### COUNT II – DISABILITY DISCRIMINATION IN VIOLATION OF FLA. STAT. § 760.10

37. Plaintiff re-alleges paragraph 1 through 29 as though fully set forth herein.

38. Mr. Twigg was an employee of PBSO, an employer with over 100 employees.

39. PBSO was aware of Mr. Twigg's military service-related disabilities such as his diagnosis of PTSD for various reasons throughout his long tenure with PBSO, including Mr. Twigg's self-reporting of his disabilities.

40. Mr. Twigg requested an accommodation from PBSO for his service-related disabilities.

41. Rather than attempt to accommodate Mr. Twigg, he was provided an arbitrary deadline to provide unnecessary documentation.

42. Mr. Twigg was subsequently terminated because of the perception of his disabilities and because PBSO did not want to accommodate his disabilities in violation of Fla. Stat. § 760.10 et seq.

43. As a result of such violations, Mr. Twigg has suffered damages of lost pay, and emotional anguish.

**WHEREFORE**, Plaintiff respectfully requests that this Court find Defendant in violation of the Florida Civil Rights Act, and grant Plaintiff all damages, attorney's fees and costs, and any other relief deemed just.

### COUNT III – FAMILY AND MEDICAL LEAVE ACT DISCRIMINATION AND RETALIATION IN VIOLATION OF 29 U.S.C § 2615

44. Plaintiff re-alleges paragraph 1 through 29 as though fully set forth herein.

45. Mr. Twigg was an employee of PBSO, an employer with over 100 employees.

46. In September 2021, Mr. Twigg was eligible for leave under the Family and Medical Leave Act.

47. After using FMLA leave in September 2021, Mr. Twigg was cleared by his medical provider to return to work, and provided certification stating the same.

48. PBSO refused to return Mr. Twigg to work following his FMLA leave due to animosity towards the amount of leave taken, and his medical reasons for taking leave, in violation of the Family and Medical Leave Act.

49. Mr. Twigg was entitled to be returned to his position following his medical leave and PBSO's failure to do so, and termination of Mr. Twigg was in violation of the Family and Medical Leave Act.

50. As a result, Mr. Twigg suffered damages of lost pay, and is entitled to liquidated damages.

**WHEREFORE**, Plaintiff respectfully requests that this Court find Defendant in violation of the Family and Medical Leave Act, and grant Plaintiff all damages, attorney's fees and costs, and any other relief deemed just.

### COUNT IV – UNIFORMED SERVICES EMPLOYMENT AND REEMPLOYMENT RIGHTS ACT DISCRIMINATION IN VIOLATION OF 38 U.S.C § 4311

51. Plaintiff re-alleges paragraph 1 through 29 as though fully set forth herein.

52. Mr. Twigg was an employee of PBSO, an employer with over 100 employees.

53. In September 2021, Mr. Twigg attempted to return to his employment at PBSO following his leave for military service in the Army Reserve.

54. PBSO refused to return Mr. Twigg to work following his military leave due to animosity towards the amount of leave taken in violation of the Uniformed Services Employment and Reemployment Rights Act (USERRA).

55. PBSO further violated the USERRA by terminating Mr. Twigg because they did not want to wait for him to return from his new deployment in October 2021.

56.     Mr. Twigg was entitled to be returned to his position following his medical leave and PBSO's failure to do so, and termination of Mr. Twigg was in willful violation of USERRA.

57.     As a result, Mr. Twigg suffered damages of lost pay, and is entitled to liquidated damages.

58.     **WHEREFORE**, Plaintiff respectfully requests that this Court find Defendant in violation of the Uniformed Services Employment and Reemployment Rights Act, and grant Plaintiff all damages, attorney's fees and costs, and any other relief deemed just.

## JURY TRIAL DEMAND

Plaintiff seeks a trial by jury for all matters so triable.

DATED THIS 4th day of October 2023.

> Respectfully Submitted,
>
> By: /s/ Nicole A. Milson
> Nicole A. Milson, Esq.
> Fla. Bar No. 86157
>
> **MILSON LAW, PA**
> 201 S. Biscayne Blvd., Suite 2800
> Miami, FL 33131
> Phone: (305) 209-0321
> Email: nicole@milsonlaw.com